# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HIGH TECH PET PRODUCTS, INC.,**

      **Plaintiff,**

v.                                               **Case No: 6:14-cv-759-Orl-22TBS**

**SHENZHEN JIANFENG ELECTRONIC PET PRODUCT CO., LTD. and VELLY WEI,**

      **Defendants.**

_____/

## ORDER

This cause is before the Court for consideration of Plaintiff High Tech Pet Products, Inc.'s ("Plaintiff" or "High Tech") Renewed Motion for Default Judgment and Permanent Injunction, filed on September 29, 2014. (Doc. No. 44).

On February 12, 2015, the United States Magistrate Judge submitted a report recommending that High Tech's motion be granted. (Doc. No. 53).

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court grants High Tech's motion.

Because there have been few cases addressing one of the issues presented in High Tech's motion, before entering judgment, the Court takes this opportunity to further discuss the Supreme Court's recent *Octane Fitness*, *LLC v. Icon Health & Fitness*, *Inc.*, ⎯⎯ U.S. ⎯⎯, 134 S. Ct. 1749 (2014), decision.

Under Section 35(a) of the Lanham Act, courts may award reasonable attorney fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). Recently, however, the measure of

"exceptional cases" changed. *See, e.g., BMW of N. Am. LLC v. Ismail Cuhadar*, Case No. 6:14–cv–40–Orl–37DAB, 2014 WL 5420133, at *2-*3 (M.D. Fla. July 10, 2014) (discussing and applying *Octane Fitness*). Last year, the Supreme Court, in interpreting identical language in the patent context found that the word "exceptional" should be interpreted in accordance with its ordinary meaning: "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Although this case arises under the Lanham Act, and *Octane Fitness* arose in the patent context, this Court previously adopted and confirmed a report which found the *Octane Fitness* analysis to be applicable in interpreting the Lanham Act provision:

> Although the instant case arises under the Lanham Act and *Octane* is a patent case, in *Octane*, the Supreme Court cited with approval the case of *Noxell Corp. v. Firehouse No. 1 Bar–B–Que Rest.*, 771 F.2d 521, 526 (C.A.D.C. 1985) (Ginsburg, J., joined by Scalia, J.), noting that it "interpret[ed] the term 'exceptional' in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), to mean "uncommon" or "not run-of-the-mill."" 134 S. Ct. at 1756 . . . .
>
> The Eleventh Circuit definition of exceptional required an affirmative finding of bad faith or deliberate or willful conduct in order to justify fees. The relatively few cases interpreting *Octane* to date note that the *post-Octane* fee inquiry is "less rigid and more holistic." *CreAgri, Inc. v. Pinnaclife, Inc.*, No. 11–CV–6635–LHK, 2014 WL 2508386, at *6 (N.D. Cal. June 3, 2014) (denying motions for fees). "Under the new standard, no bright-line rules define the parameters of what is exceptional, and no single element (such as baselessness or sanctionability) is dispositive. Rather, the inquiry requires the Court to consider a totality of the circumstances and to exercise its equitable discretion." *Id.; see Intellect Wireless, Inc. v. Sharp Corp.*, No. 10 C 6763, 2014 WL 2443871, at *5 (N.D. Ill. May 30, 2014) ("The court recognizes, however, that insofar as the imposition of fees under Section 285, even after *Octane Fitness*, remains an exception to the American Rule, the standard for finding a case exceptional befits its definition—"uncommon," "rare," or "not ordinary.'") . . . .

*RCI TM Corp. v. R & R Venture Group, LLC*, No. 6:13–cv–945–Orl–22, 2015 WL 668715, at *9-*10 (M.D. Fla. Feb. 17, 2015).

In addressing the *RCI TM Corporation* case on its own facts, the Court found:

> Three of the Defendants in the suit did not . . . litigate the case in an unreasonable manner because they did not litigate the case at all. The conduct of Defendants in ignoring the demand letters and the Complaint was willful, however, the Court concludes that making a conscious choice to default is not enough to take this case out of the run of the mill category. The failure to respond to demand letters, and the failure to respond to the lawsuit led to losing the case. "While this makes [the trademark owner] the prevailing party, the statutory language requires more than merely prevailing. Otherwise, every default case would warrant fees; a conclusion not justified by the statute."

*Id*. at *11 (internal citation omitted).

Clearly, in *RCI TM Corporation*, the Court assessed whether fees were appropriate under the second factor of the Supreme Court's "exceptional" standard; namely, the unreasonable manner in which the case was litigated. *Id.* However, in this case, the Court looks to the first factor—the substantive strength of a party's litigating position (considering both the governing law and the facts of the case). *Octane Fitness*, 134 S. Ct. at 1756. Looking to the facts alleged, and now admitted, in the Complaint, as well as the governing law, the Court finds that this is an exceptional case warranting the imposition of fees. Even though Defendants defaulted, the significant disparity of the merits of the parties' respective positions is clear from the Complaint alone. The Court reiterates, however, that this finding is not based on the fact that Defendants defaulted; instead, this is based on the flagrant, "uncommon, rare, and not ordinary" nature of Defendants' infringement.[1] "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* This relief is appropriate under the totality of the circumstances of this case.

---

1 On its face, this may appear to be at odds with the statement in *RCI TM Corporation* that "confessing judgment by default is far more appropriate than filing a baseless answer and litigating the suit in bad faith (both of which would more appropriately warrant an award of attorney's fees)." *RCI TM Corp.*, 2015 WL 668715, at *11 (citing *BMW*, 2014 WL 5420133, at *5). However, it is not. Significantly, the parties in *RCI TM Corporation* relied entirely on cases predating the *Octane Fitness* decision and thus did not address *Octane Fitness* factors at all. *Id.*, at *10. Therefore, in *RCI TM Corporation*, the Court relied entirely on the second factor in assessing the defaulting defendant's conduct. *See id.* Here, the Court relies on the first.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, filed on February 12, 2014 (Doc. No. 53), is **ADOPTED and CONFIRMED** to the extent provided in this Order.

2. Plaintiff High Tech Pet Products, Inc.'s Renewed Motion for Default Judgment and Permanent Injunction, filed on September 29, 2014 (Doc. No. 44), is **GRANTED**.

3. The Clerk is **DIRECTED** to enter judgment for Plaintiff High Tech Pet Products, Inc. and against Defendants Shenzhen Jianfeng Electronic Pet Product Co. and Velly Wei on Counts III and IV of the Complaint.

4. Counts I and II of the Complaint are **DISMISSED** as moot.

5. Defendants Shenzhen Jianfeng Electronic Pet Product Co. and Velly Wei, their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with Defendants or their officers, agents, servants, employees, and attorneys, are **PERMANENTLY ENJOINED** from:

    a. Selling, offering for sale, marketing, promoting, or advertising in the United States any electronic pet fencing or control system or device or any electronic pet training collar system or device using a trade dress that is identical or confusingly similar to the trade dress used to market and sell Plaintiff's electronic dog fence or electronic pet training collar systems. Trade dress includes, but is not limited to, any distinctive and nonfunctional color scheme or overall layout of Plaintiff's product, and any distinctive and nonfunctional color scheme, layout, or

   photographs used on packaging or otherwise to market Plaintiff's product.

   b. Using the marks BARK TERMINATOR, HIGH TECH PET, HUMANE CONTAIN, PROPORTIONAL STIMULUS, PULSED PROPORTIONAL STIMULUS, and SPEED DETECT, or any colorable imitation thereof, in connection with advertising, marketing, promoting, offering for sale, or selling in the United States electronic pet fencing or electronic pet training collar systems or devices.

6. The Court finds that this case is "exceptional" pursuant to 15 U.S.C. § 1117(a), and that Plaintiff High Tech Pet Products, Inc. is entitled to an award of attorney's fees.

7. Any pending motions are **DENIED** as moot.

8. The Clerk is **DIRECTED** to close this file.

9. The Court retains jurisdiction to address the issue of attorney's fees. On or before March 24, 2015, Plaintiff High Tech Pet Products is **DIRECTED** to file a properly supported motion for attorney's fees and costs.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2015.

*[Signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Magistrate Judge Smith