UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HIGH TECH PET PRODUCTS, INC.,

Plaintiff,

v. Case No: 6:14-cv-759-Orl-22TBS

SHENZHEN JIANFENG ELECTRONIC PET PRODUCT CO., LTD. and VELLY WEI,

Defendants.

---

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs and Memorandum in Support Thereof (Doc 61). Upon due consideration I respectfully recommend that the motion be **GRANTED**.

## I. Background

Plaintiff High Tech Pet Products, Inc. is a manufacturer of electronic pet fencing and behavior modification systems (Doc. 2). In 2011 or 2012, Plaintiff discovered that Defendants Shenzhen Jianfeng Electronic Pet Product Co. and Velly Wei were selling knock-offs of its products on the internet without permission. Plaintiff retained James C. Holland, a California attorney, in an effort to stop the infringement of its trademarks and trade dress. On February 14, 2013, Plaintiff, through Mr. Holland, filed this action in the United States District Court for the Eastern District of California (Doc. 2). Less than a week later, Plaintiff served Defendants with the summons and complaint at a pet expo in Orlando, at which Plaintiff and Defendant each had a booth (Docs. 8, 9).

Defendants did not answer the complaint and the Clerk entered their default (Doc. 16). On October 23, 2013, Plaintiff moved for entry of a default judgment against Defendants (Doc. 19). On December 12, Plaintiff submitted a memorandum of law in support of the motion (Doc. 23). In the memorandum, Plaintiff relied on, among other cases, the Ninth Circuit's decision in Fiore v. Walden, 688 F.3d 558 (9th Cir. 2012), where the court held that DEA agents working at Hartsfield-Jackson International Airport near Atlanta, Georgia could be sued in Nevada for illegally searching airline passengers' luggage and seizing money they found inside. Although Fiore was binding law in the Ninth Circuit when Plaintiff filed its complaint, shortly after the complaint was filed, the Supreme Court granted the DEA agents' petition for writ of certiorari, Walden v. Fiore, 133 S.Ct. 1493 (2013), and the case was placed on the Court's argument calendar for the October 2013 term.

On February 25, 2014, the Supreme Court handed down a unanimous opinion in Walden v. Fiore, 134 S.Ct. 1115 (2014), reversing the judgment of the Ninth Circuit. Shortly thereafter, United States Magistrate Judge Michael J. Seng entered a report and recommendation in this case finding that courts in California lacked personal jurisdiction over Defendants and recommending that the case be transferred to this Court (Doc. 27). On May 14, United States District Judge Anthony J. Ishii adopted Judge Seng's R&R and transferred the case to this district.

Because Mr. Holland was not admitted to practice in federal court in Florida, Plaintiff hired Stephen D. Milbrath to represent it in this Court following the transfer (Doc. 36). Plaintiff, through Mr. Milbrath, filed a renewed motion for entry of default judgment (Doc. 44), which was granted by Order dated March 4, 2015 (Doc. 57). In its

Order, the Court found the case "exceptional" pursuant to 15 U.S.C. § 1117(a), a finding which entitles Plaintiff to recover its attorney's fees (Id.).

On March 31, Plaintiff filed its motion for attorney's fees and costs (Doc. 61). In the motion, Plaintiff states that it incurred $11,736 in attorney's fees, broken down as follows: for Mr. Holland, 19.2 hours of attorney time at $300 per hour for a total of $5,760; and for Mr. Milbrath, 14.4 hours at $415 per hour for a total of $5,976 (Doc. 61 at 1; Docs. 61-1, 61-2). Attached to the motion are declarations by Mr. Holland and Mr. Milbrath and detailed time records for both attorneys (Docs. 61-1, 61-2). Mr. Holland states in his declaration that "the fees and costs detailed, were both necessary to the prosecution of the case, and reasonable in amount." (Doc. 61-1 at 1). Both attorneys state in their declarations that the hours billed are were reasonable (Id.). In his declaration, Mr. Milbrath summarizes his experience and qualifications and states his opinion that his hourly rate of $415 is reasonable (Doc. 61-2). Plaintiff suggests that Mr. Holland's hourly rate of $300 is "surprisingly reasonable for a California attorney." (Doc. 61 at 2). Plaintiff concedes that the transfer required some duplication of effort that would not have been necessary had the case been filed in Florida in the first place, and that the fee should be reduced to reflect this (Doc. 61 at 2). Therefore, despite incurring $11,736 in fees, Plaintiff requests a fee award of $10,736. In addition to the fee award, Plaintiff seeks to recover the filing fee of $350 as costs of the action (Doc. 61 at 3).

## II. Discussion

The Court has already found that Plaintiff is entitled to an award its reasonable attorney's fees incurred in bringing this action (Doc. 57). In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991

(M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate for the professional providing the service. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. The Court must exclude from its calculation "excessive, redundant or otherwise unnecessary" hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "Ultimately, the computation of a fee award is necessarily an exercise in judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Plaintiff can meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

Given Mr. Milbrath's experience,[1] I find that $415 is a reasonable hourly rate for the work performed in this case. While Mr. Holland has provided little information about his level of experience, I find that his $300 hourly rate is reasonable, based on fee awards in other cases in the Fresno Division of the Eastern District of California. See, e.g., General Electric Co. v. Wilkins, No. 1:10-cv-00674 LJO JLT, 2012 WL 3527976, at *3 (E.D. Cal. Aug. 15, 2012) ("[T]he Court is aware that significantly experienced counsel with extensive trial experience, have been awarded $350 per hour while well-experienced attorneys with a great amount of trial experience, have been awarded $300 per hour."); E & J Gallo Winery v. Proximo Spirits, Inc., No. 1:10-cv-00411-LJO-JLT, 2012 WL 2995672, at *9 (E.D. Cal. July 23, 2012) (finding that $375 per hour is "the top of the compensation range for a senior attorney practicing in the Fresno area"), report and recommendation rejected in part on other grounds, 2012 WL 3639110 (Aug. 23, 2012).

When this case was transferred from California to Florida, Plaintiff had to hire Mr. Millrath to take over representation from Mr. Holland. Plaintiff also had to file a renewed motion for default judgment. The transfer and accompanying change of counsel therefore resulted in some duplication in attorney time spent on the case. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Here, I conclude that the $1,000 reduction to the lodestar amount proposed by Plaintiff, which amounts to roughly 8.5% of the $11,736 fees incurred, is adequate to

[1] Mr. Milbrath was admitted to the Florida bar in 1977 and has practiced law in the Orlando area since 1979 (Doc. 61-2, ¶ 2). He is currently a shareholder at the firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist where he specializes in business litigation and intellectual property cases (Id.). In the past, he has served as an Assistant United States Attorney and a law clerk for a federal judge in this district.

account for the unnecessary duplication. While the overall fees would have been even lower had Plaintiff brought the case in Florida to begin with, the decision to file in California was justifiable in light of the Ninth Circuit's decision in Fiore, which before the Supreme Court's reversal was binding on federal district courts in California.

Accordingly, I recommend that Plaintiff be awarded $10,736 in attorney's fees, calculated as follows: 19.2 hours of attorney time at $300 per hour for a total of $5,760 per hour for Mr. Holland; plus 14.4 hours at $415 per hour for a total of $5,976 per hour for Mr. Millbrath; minus $1,000 for duplication of services.

Plaintiff also seeks $350 in costs for the filing fee in this action. As the prevailing party Plaintiff is entitled to recover costs, including the filing fee. See 28 U.S.C. § 1920(1); FED. R. CIV. P. 54(c)(1).

## III. Recommendation

For the foregoing reasons I respectfully recommend that Plaintiff's motion be **GRANTED** and that the Court enter judgment for Plaintiff in the amount of $11,086 for attorney's fees and costs.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 2, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Unrepresented Parties